1 | Thomas M. Murphy - Bar No. 132283
Jeffrey L. Le Pere - Bar No. 201787
2 | **SUTTON & MURPHY**
26056 Acero
3 | Mission Viejo, CA 92691
Telephone: (949) 206-0550
4 | Facsimile: (949) 206-0560
tmurphy@suttonmurphy.com
5 | jlepere@suttonmurphy.com

SOUTHERN DIVISION
..., U.S. DISTRICT COURT

OCT 26 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                           DEPUTY

6 | Attorneys for Plaintiff, NIEL'S MOTOR HOMES, INC.

7

8 | ### UNITED STATES DISTRICT COURT

9 | ### CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

10 | CV 11 - 08865 JFW(AGRx)

11 | NIEL'S MOTOR HOMES, INC.,              )   CASE NO. :
12 |                  Plaintiff,            )   Assigned to Judge
                                           )   Dept. :
13 |          vs.                          )
                                           )   **COMPLAINT FOR DAMAGES**
14 | CATERPILLAR INC.,                      )
FREIGHTLINER CUSTOM CHASSIS             )   1.  **Indemnity**
15 | CORPORATION and DOES 1                 )   2.  **Equitable Indemnity**
through 30, inclusive,                 )   3.  **Violation of Unfair Competition Law**
16 |                                        )       **Business and Professions Code**
                                           )       **17200;**
17 |                  Defendants.           )
                                           )   **DEMAND FOR JURY TRIAL**
18 | _____       )

19

20 |        Plaintiff, NIEL'S MOTOR HOMES, INC., alleges as follows against defendant

21 | CATERPILLAR INC., FREIGHTLINER CUSTOM CHASSIS CORPORATION, and

22 | DOES 1 through 30, inclusive, on information and belief formed after and inquiry

23 | reasonable under the circumstances:

24 |                              **PARTIES**

25 |        1.    Plaintiff, NIEL'S MOTOR HOMES, INC., ("NIEL'S" and/or

26 |              "PLAINTIFF") is a California corporation, with a principal place of

27 |              business in North Hills, California, Los Angeles County, State of California.

28 |        2.    Defendant, CATERPILLAR INC., ("CATERPILLAR") is a business entity.

1

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

3.  Defendant, FREIGHTLINER CUSTOM CHASSIS CORPORATION, ("FCCC") is a business entity.

4.  PLAINTIFF does not know the true names and capacities, whether corporate, partnership, individual or otherwise, of defendants sued herein as DOES 1 through 30, inclusive, and thus names them under the provisions of Section 474 of California Code Civil Procedure. DOES 1 through 30, inclusive are in some manner responsible for the acts, occurrences, and transactions set forth herein, and are legally liable to PLAINTIFF and the general public. PLAINTIFF will set forth the true names and capacity of the fictitious Defendants together with appropriate charging allegations when ascertained.

5.  All acts of corporate employees herein after alleged were authorized or ratified by officer, director, or managing agent of a corporate employer.

6.  Each Defendant whoever actually or fictitiously named herein was the principal; agent (actual or ostensible), co-conspirator or employee of the Defendant and acting as such principal or within the course and scope of such employment, agency, or conspiracy, took some part in the acts and omissions hereinafter set forth by reason of which each Defendant is liable to PLAINTIFF for the relief prayed for herein.

7.  PLAINTIFF is further informed and believes, and on that basis alleges, that all of the Defendants, whether named or fictitiously designated, were the agents (actual or ostensible), co-conspirator, servants, officers, directors, employees, employers, partners, representatives, consultants, contractors, and/or joint venturers of the other Defendants and that the acts of each Defendant herein alleged were within the course and scope of his, her, or its agency, service or employment and were done with the permission, consent, and/or ratification of each other Defendant.

8.  PLAINTIFF is informed and believes, and on that basis alleges, that

2

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

Defendant, and each of them, is responsible in some manner, deed or action for PLAINTIFF's damages herein alleged.

## JURISDICTION AND VENUE

9.  Personal jurisdiction establishes because both CATERPILLAR and FCCC do business in the State of California, but are not a California corporation. This court accordingly has diversity jurisdiction.

10. Venue is proper in the County of Los Angeles, because PLAINTIFF's principal place of business is in this county and the transaction give rise to PLAINTIFF'S claims were entered into this county.

## FACTUAL ALLEGATIONS

11. At all times referenced herein, CATERPILLAR was in the business of manufacturing, distributing, repairing, warrantying on-highway diesel engines.  CATERPILLAR knew that when it introduced into the stream of commerce said on-highway diesel engines were intended to be sold to retail consumers.

12. CATERPILLAR set up or associated with various facilities or entities that were authorized to repair said engines pursuant to its warranty terms.

13. At all times referenced herein, FCCC was in the business of manufacturing, distributing, repairing, warrantying chassis, and the component parts, that are used for motor homes.

14. FCCC set up or associated with various facilities or entities that were authorized to repair said chassis pursuant to its warranty terms.

15. In or about 2005, CATERPILLAR manufactured a C7 on-highway diesel engine, baring serial number KAL46505 ("SUBJECT ENGINE"). CATERPILLAR warranted SUBJECT ENGINE.

16. FCCC installed the SUBJECT ENGINE on a chassis, which FCCC manufactured and warranted.  Said chassis included a radiator, various filters, and other component parts.

3

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

17. PLAINTIFF is informed and believes that CATERPILLAR sold SUBJECT ENGINE to chassis manufacturer, FCCC, which then sold the chassis that contained SUBJECT ENGINE to Fleetwood Motor Homes of Indiana Inc.

18. Fleetwood Motor Homes of Indiana Inc. subsequently built the coach or house portion of a 2005 Fleetwood Discovery motor home on top of the chassis, and the end product was a new 2005 Fleetwood Discovery motor home, VIN 4UZAAHDC25CU87496 ("SUBJECT MOTOR HOME") that contained SUBJECT ENGINE.  In March 2009, Fleetwood Motor Homes of Indiana Inc. filed for bankruptcy protection, and has or will be liquidated pursuant to said bankruptcy.

19. The SUBJECT MOTOR HOME includes the chassis, manufactured and warranted by FCCC.

20. On or about July 4, 2004, SUBJECT MOTOR HOME and SUBJECT ENGINE arrived at NIEL'S.

21. Unbeknownst to NIEL'S, the SUBJECT MOTOR HOME and/or SUBJECT ENGINE were manufactured and delivered with an inherent defect.

22. On or about July 21, 2004, NIEL'S sold SUBJECT MOTOR HOME and SUBJECT ENGINE to a retail customer, Peggy Richan.

23. NIEL'S would have or could have never known about the inherent defect in the SUBJECT MOTOR HOME and SUBJECT ENGINE at the time of sale to Ms. Richan.

24. NIEL'S provided no express warranty on SUBJECT MOTOR HOME or SUBJECT ENGINE.

25. However, by operation of law, NIEL'S retail sales contract with Ms. Richan included a warranty that the goods shall be merchantable.  The core test of merchantability is fitness for the ordinary purpose for which such goods are used.  See, e.g., California Commercial Code § 2314 and A.R.S. § 47-2314.

26. On Ms. Richan's maiden voyage, the defect in SUBJECT ENGINE that

4

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

FCCC and/or CATERPILLAR failed to repair or disclose to NIEL'S caused a catastrophic failure.

27. NIEL'S is informed and believes that CATERPILLAR and/or FCCC attempted to repair SUBJECT MOTOR HOME by installing another C7 engine, Serial No. KAL60853 ("REPLACEMENT ENGINE").

28. NIEL'S is informed and believes that CATERPILLAR and/or FCCC subsequently failed to properly or effectively repair SUBJECT MOTOR HOME, and Peggy Richan continued to have issues with REPLACEMENT ENGINE.

29. NIEL'S is informed and believes that the issues Ms. Richan contended to exist in SUBJECT MOTOR HOME may also have been caused by or contributed to by the radiator, which was manufactured, warranted and repaired by FCCC.

30. On or about July 16, 2008, Ms. Richan filed a suit in Los Angeles County Superior Court, which was subsequently removed to the Central District of California, baring Case No. CV08-06790-SVW.

31. On or about January 17, 2011, a duly constituted jury returned a verdict against NIEL'S upon a finding that an implied warranty of merchantability was breached.

32. NIEL'S, prior to judgment demanded that CATERPILLAR and/or FCCC defend and indemnify NIEL'S.  CATERPILLAR and/or FCCC owed NIEL'S a duty to defend and indemnify NIEL'S but CATERPILLAR and/or FCCC wrongfully, negligently, and recklessly denied this request, and accordingly breached this duty to defend and indemnify.

33. As a matter of law, an implied warranty of merchantability is breached at the time of sale. *Atkinson v. Elk Corp. of Texas,* (2006) 142 Cal.App.4th 212, 230; *American Suzuki Motor Corp. v. Superior Court* (1995) 136 Cal.App.4th 1291, 1296.

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

34.   On or about February 15, 2011, judgment was entered as to NIEL'S in the amount of $190,651.50 as damages and $136,364.00 in attorney fees.

## CAUSES OF ACTION CLAIMED AGAINST DEFENDANT

## FIRST CAUSE OF ACTION

### (Indemnity)

35.   PLAINTIFF incorporates by reference each and every allegation as set forth in paragraphs 1 through 34, inclusive of this Complaint.

36.   NIEL'S is informed and believes, and therefore alleges that all of the CATERPILLAR, FCCC, and each of them, at all times herein mentioned, were the agents, employees, and servants of each of the other Defendant, and each of them, and at all times pertinent hereto were acting within the course and scope of said employment and agency.

37.   PLAINTIFF was not negligent to Peggy Richan, but served as a mere conduit to CATERPILLAR and/or FCCC in its effort to introduce the SUBJECT MOTOR HOME and SUBJECT ENGINE into the stream of commerce.

38.   But for FCCC and/or CATERPILLAR's failure to properly manufacturer, test, inspect or otherwise repair SUBJECT MOTOR HOME, SUBJECT ENGINE and/or REPLACEMENT ENGINE Peggy Richan would not have prevailed as to PLAINTIFF.

39.   CATERPILLAR and/or FCCC  wrongfully denied NIEL'S demand for defense and indemnity.  This denial accordingly caused NIEL'S damages.

40.   As NIEL'S was found liable to Peggy Richan, NIEL'S now seeks indemnity as to CATERPILLAR, FCCC, and each of them, for the product it negligently manufactured, warranted, and repaired.

41.   CATERPILLAR, FCCC, and each of them, is responsible to PLAINTIFF for the SUBJECT MOTOR HOME, SUBJECT ENGINE it placed into the stream of commerce and the REPLACEMENT ENGINE it failed to

6

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

1       properly repair.

2    42.    PLAINTIFF'S right of indemnification traces back through the intermediate

3       links in the chain of distribution back to CATERPILLAR, FCCC, and each

4       of them.  See, *Volvo of America Corp. v. Wells*, 551 S.W.2d 826 (KY.CT.

5       APP. 1977).

6    43.    PLAINTIFF'S indemnity rights further develop from CATERPILLAR

7       and/or FCCC's negligence and failure to properly ensure that the SUBJECT

8       MOTOR HOME, SUBJECT ENGINE and REPLACEMENT ENGINE were

9       properly manufactured, inspected, and/or repaired.  See, *Massingale v.*

10       *North West Cortes, Inc.* (1981) 27 Wash.App. 749.

11    44.    PLAINTIFF'S indemnity rights as to CATERPILLAR and/or FCCC arises

12       from either California or Arizona law.

13    45.    By reason of the foregoing, this PLAINTIFF is entitled to indemnity from

14       CATERPILLAR, FCCC, and each of them.

15                   **SECOND CAUSE OF ACTION**

16                     **(Equitable Indemnity)**

17    46.    PLAINTIFF incorporates by reference each and every allegation as set forth

18       in paragraphs 1 through 45, inclusive of this Complaint.

19    47.    As PLAINTIFF has been held liable to Peggy Richan, said liability results

20       from a passive and/or secondary status where that of Defendants, and each

21       of them, are active and/or primary and is the proximate cause of any injuries

22       or damages claimed herein by PLAINTIFF.  As such, PLAINTIFF is

23       entitled to equitable indemnification from Defendants, and each of them, for

24       any and all liabilities assessed herein.

25                   **THIRD CAUSE OF ACTION**

26              **(Violation of Unfair Competition Law,**

27          **Business and Profession Code section 17200)**

28    48.    PLAINTIFF incorporates by reference each and every allegation as set forth

7

---

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

1    in paragraphs 1 through 47, inclusive of this Complaint.

2    49.   Beginning at a time unknown to PLAINTIFF, but all times relevant herein,

3          CATERPILLAR, FCCC, and each of them,  have committed acts of unfair

4          competition prescribed by Business and Profession Codes Sections 17200,

5          set seq., including the practices alleged above, in that they have committed

6          unlawful, unfair or fraudulent business acts or practices.

7    50.   These practices include manufacturing, warranting and repairing engines,

8          and placing said engines in the stream of commerce.

9    51.   CATERPILLAR, FCCC, and each of them, knew or should have known that

10         its policy and procedures it had put into place failed to adequately ensure

11         that the engines it voluntarily chose to introduce into the stream of

12         commerce would or could be purchased by a retained customer.

13   52.   CATERPILLAR, FCCC, and each of them, has accordingly engaged in

14         unlawful, unfair, and fraudulent business acts or practices to avoid its

15         responsibility to ensure the merchantability of SUBJECT MOTOR HOME,

16         SUBJECT ENGINE and REPLACEMENT ENGINE.

17   53.   The instances of unfair competition by CATERPILLAR, FCCC, and each of

18         them, alleged herein as having been levied against Plaintiff present a

19         continuing threat to the public in that CATERPILLAR, FCCC, and each of

20         them, persist and continue to engage in these practices and will not cease

21         doing do so unless and until an injunction is issued by this Court.

22   54.   As a result of the aforementioned acts, and/or omissions, CATERPILLAR,

23         FCCC, and each of them, has established a pattern and practice of denying

24         without justification indemnity demands following its negligent

25         manufacture, honoring of the warranty, and failure to diagnose and repair.

26   **WHEREFORE**, NIEL'S prays for judgement as follows:

27   1.    For general, specific and actual damages according to proof at Trial;

28   2.    For incidental and consequential damages according to proof at Trial;

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

3.    For prejudgment and post-judgment interest at the legal rate;

4.    For preliminary and permanent injunction as set forth in this Complaint;

5.    For reasonable attorneys' fees and costs of suit;

6.    For such other and further relief as the Court deems just and proper under the circumstances.

DATED:    October 24, 2011        SUTTON & MURPHY

By: _____
     Thomas M. Murphy
     Jeffrey L. Le Pere
     Attorneys for Plaintiff,
     NIEL'S MOTOR HOMES, INC.

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

## DEMAND FOR JURY TRIAL

**PLEASE TAKE NOTICE** that plaintiff, NIEL'S MOTOR HOMES, INC., demands a Jury Trial herein.

DATED: October 24, 2011          SUTTON & MURPHY

                                  By: _____
                                      Thomas M. Murphy
                                      Jeffrey L. Le Pere
                                      Attorneys for Plaintiff,
                                      NIEL'S MOTOR HOMES, INC.

10

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**